# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA WRIGHT. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-1046-W |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Barbara Wright, seeks judicial review of the Social Security Administration's denial of disability insurance benefits and supplemental security income benefits. This matter has been referred by United States District Judge Lee R. West for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be reversed and the case remanded for further administrative proceedings consistent with this Report and Recommendation.

## I.   Procedural Background

Plaintiff filed applications for disability insurance benefits and supplemental security income on June 27, 2012, alleging a disability onset date of January 1, 2010. The Social Security Administration denied the applications initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. *See* Administrative Record (AR) [Doc. No. 13], 18-29. The Appeals Council denied Plaintiff's request for review. AR 1-3. This appeal followed.

## II. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## III. Plaintiff's Claims

Plaintiff challenges the ALJ's decision because the ALJ did not include headaches and anxiety among Plaintiff's impairments at step two. Plaintiff also challenges the ALJ's failure to use the Psychiatric Review Technique (PRT) to rate the severity of Plaintiff's medically determinable anxiety. Plaintiff also contends the ALJ failed to properly consider treating physician opinions.

## IV. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing process). At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date, January 1, 2010. AR 20.

At step two, the ALJ identified two impairments he deemed to be severe: osteoporosis with chronic back and hip pain, and degenerative disc disease of lumbar spine and neck. The ALJ found Plaintiff's left hip osteoarthritis and left shoulder post-surgery were not severe impairments. *Id.* The ALJ did not list Plaintiff's medically determinable mental impairment of anxiety or rate its severity at step two. *Id.*

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Listings). The ALJ considered only Listing 1.04, Disorders of the Back. AR 21. He did not consider Listing 12.06 pertaining to anxiety disorder.

At the first phase of step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she could occasionally stoop, kneel, and crouch. She could perform no more than occasional overhead reaching with her left hand.

AR 21. At the second phase of step four, the ALJ relied on the testimony of the vocational expert (VE), in finding Plaintiff's past relevant work as home health aide requires the ability to

perform tasks at the medium exertional level. Thus, at the third phase of step four, the ALJ found Plaintiff unable to perform her past relevant work. AR 27.

At the final step of the sequential evaluation, the ALJ again relied on the testimony of the VE when he determined Plaintiff can perform other jobs existing in sufficient numbers in the national economy including companion, photo copying machine operator and routing clerk. AR 28. Thus, the ALJ found Plaintiff is not disabled.

V. <u>Analysis</u>

A. **Challenge to the ALJ's Findings at Step Two and Failure to use the PRT**

Plaintiff contends the ALJ erred in failing to assess the severity of her headaches, and in failing to both acknowledge and assess the severity of her medically determinable anxiety at step two.

Plaintiff testified she has headaches twice or three times in a month which last two to three days. AR 40. But Plaintiff cites to only one document to support her claim of frequent headaches: a list of medications she submitted as part of Exhibit No. 11E, demonstrating she had once been prescribed Maxalt with directions indicating the medicine was prescribed to alleviate headaches. AR 253. The actual medical records, however, demonstrate Plaintiff complained of a headache one week after having received an epidural injection for back pain. Her doctor prescribed coffee and Motrin. AR 455. Many of the medical records do, however, specifically state Plaintiff was not complaining of headaches. AR 330, 336, 471, and 501. The ALJ did not identify headache as a medically determinable impairment at step two. That finding is supported by substantial evidence. The evidence Plaintiff offers to the contrary is not overwhelming, and, therefore, is insufficient to establish her alleged migraine headaches are a medically determinable, severe impairment. *See Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir.

1992) (evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion) (citing *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989)).

The administrative record does, however, support Plaintiff's claim of anxiety. Plaintiff alleged anxiety as a disabling impairment from the beginning of the administrative process. In a report dated August 16, 2012, Edith King, Ph.D., a state agency psychologist, analyzed Plaintiff's case and determined her alleged anxiety is a medically determinable impairment. AR 62-63. Using the PRT as required by 20 C.F.R. §§ 404.1520a and 416.920a, Dr. King evaluated the degree of functional limitation in each of the four broad areas identified in Listing 12.06 describing anxiety-related impairments. *Id.* Dr. King found mild restrictions in Plaintiff's activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation. AR 62. Dr. King summarized her findings regarding the severity of Plaintiff's impairments:

> ADL:
> Claimant ADLs list no problems with personal care. She makes her own meals and does her own house work. She can drive herself and she goes shopping monthly for 2 hours. She feels capable of managing her own finances. She enjoys reading, watching television, and playing games on her computer daily. She spends time with others in person or by phone daily. She reports good attention span and ability to follow instructions.
>
> ANALYSIS OF EVIDENCE
> The claimant does not currently have a severe mental impairment that would prevent her from working.

AR 63.

In a report dated November 13, 2012, Tom Shadid, Ph.D., completed a second report designed to identify medically determinable mental impairments and their severity. AR 79. Like Dr. King, Dr. Shadid considered Listing 12.06 for anxiety related disorders and used the PRT to determine whether Plaintiff's anxiety is a medically determinable impairment. As required at the

5

second step of the PRT, Dr. Shadid considered the Part B criteria of Listing 12.06 and found only mild restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence and pace, and no episodes of decompensation. AR 79. Like Dr. King, Dr. Shadid ultimately determined Plaintiff's medically determinable anxiety is not severe.

An ALJ should address all medically determinable impairments and rate their severity at step two of the sequential evaluation. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). There is no question that both Dr. King and Dr. Shadid found Plaintiff's anxiety to be a medically determinable impairment, albeit not a severe impairment. Thus the ALJ should have acknowledged Plaintiff's anxiety as a medically determinable impairment and used the PRT to rate the severity of her anxiety as "severe" or "nonsevere" as required by 20 C.F.R. §§ 404.1520a and 416.920a. *See Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013) (Commissioner is required to determine at step two whether alleged mental impairment is severe or not severe). Identifying all impairments at step two is required because in determining a claimant's RFC, the Commissioner must consider the combination of all impairments, whether they are severe or not. *Id.* at 1065; 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

Here, the ALJ did not even mention Plaintiff's anxiety at step two much less use the PRT to determine its severity. The ALJ referred generally to an unspecified "mental impairment" that could be anxiety for the first time in his discussion at step four:

> The State agency psychologists assessed that her mental impairment was not severe. The Administrative Law Judge generally concurs with the assessments of the State agency medical consultants and State agency psychologist and finds that the claimant retains the residual functional capacity for a wide range of light work with occasional stooping, kneeling, and crouching, and no more than occasional overhead reaching with her left hand.

6

AR 27.  The untimely and vague reference to a "mental impairment" that is "not severe" leaves the court with nothing to indicate the ALJ fulfilled his responsibility to consider the combined effect of all impairments, severe or not.  Moreover, the agency's regulations "do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis." *Wells* at 1065 (citing SSR 96-8p, 1996 WL 374184 at *4 (Jul. 2, 1996)).

Relying on *Armijo v. Astrue*, 385 Fed. App'x. 789 (10th Cir. Jun. 16, 2010), the Commissioner contends the ALJ's failure to employ the PRT at step two is harmless error.  The facts in *Armijo* are distinguishable from those in the instant case.  The ALJ in *Armijo* did not use the PRT to evaluate the claimant's depression.  However, the ALJ noted the claimant's depression, found the condition was controlled by medication and determined the condition did not impose more than a minimal effect on that claimant's ability to perform basic work activities. *Id.* at 790.  In other words unlike the ALJ in this case, the ALJ in *Armijo* discussed the effects of the claimant's nonsevere mental impairment in the RFC and did not rely solely on the fact that the claimant's depression was not severe.  Moreover, as the Tenth Circuit Court of Appeals observed, the claimant had not asserted depression as a basis for his disability claim until the administrative hearing. *Id.* at 792.

In sum, the ALJ's error of law in failing to use the PRT at step two of the sequential analysis cannot be viewed as a harmless "articulation flaw" as the Commissioner argues.  *See* Brief in Support of Commissioner's Decision (Doc. No. 23) at 11.  This error requires reversal and remand.

B.  **Plaintiff's Challenge to Application of Treating Physician Evidence**

Plaintiff's challenge to the ALJ's alleged misapplication of the regulations to opinions of Plaintiff's treating physicians is without merit.  The administrative record contains many medical

7

records detailing Plaintiff's numerous trips to doctors and hospitals and numerous diagnoses. But as the state agency doctors correctly concluded, the administrative record contains no opinion evidence regarding Plaintiff's functional limitations from any of Plaintiff's treating physicians. AR 63, 65, 81. There being no treating physician opinions for the ALJ to consider, there was no error.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and the case remanded for further administrative proceedings consistent with the recommendation set forth herein.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by October 28, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); LCvR 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 7th day of October, 2015.

BERNARD M. JONES
United States Magistrate Judge