IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARBARA WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1046-W |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Barbara Wright, was the prevailing party in this appeal from denial of social security benefits by the Commissioner of the Social Security Administration. Plaintiff now seeks attorneys' fees and costs in the amount of $6,075.10 under the Equal Access to Justice Act (EAJA), 28 U.S.C.§ 2412. [Doc. Nos. 28, 29] This matter has been re-referred by United States District Judge Lee R. West for proposed findings and recommendations regarding Plaintiff's Motion. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Plaintiff's motion be granted.

**I.   Procedural Background**

In her appeal, Plaintiff challenged the ALJ's decision based, among other things, on the ALJ's failure to include anxiety among Plaintiff's impairments at step two and failure to use the Psychiatric Review Technique (PRT) to rate the severity of Plaintiff's medically determinable anxiety. The Commissioner responded and defended her position by contending any error on the part of the ALJ in failing to use the PRT was a harmless "articulation flaw." *See* Brief in Support of Commissioner's Decision (Doc. No. 23) at 11.

On October 7, 2015, the undersigned Magistrate Judge recommended the Commissioner's decision be reversed, and the cause remanded, based on the ALJ's error of law. The Commissioner did not object to the Report and Recommendation, and on October 29, 2015, the District Court adopted the Report and Recommendation, and entered judgment in favor of Plaintiff.

The Commissioner's sole argument in opposition to the requested fees under EAJA is that the Commissioner's position, in arguing harmless error, was "substantially justified," and that fees should, therefore, be denied.

## II. Legal Standard

EAJA requires a court to award fees and other expenses to a prevailing party in a suit against an agency of the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995). Where, as here, a plaintiff obtains a sentence four remand under 42 U.S.C. § 405(g) that plaintiff is a "prevailing party" for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993). The Commissioner bears the burden to show that her position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "A position can be justified even though it is not correct, and ... can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988). "In determining whether the Commissioner's position was substantially justified, the court focuses on the issue(s) that led to remand—not the issue of disability." *Brooks v. Barnhart*, 2006 WL 3027975 (D. Kan. Sept. 25, 2006) (internal citations omitted).

**III. Analysis**

In this case, the administrative record supported Plaintiff's claim of anxiety disorder, and Plaintiff had alleged anxiety as a disabling impairment from the beginning of the administrative process. Moreover, two agency physicians found Plaintiff's anxiety to be a medically determinable impairment, albeit not a severe impairment. But despite the duty to address all medically determinable impairments and rate their severity at step two of the sequential evaluation, 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii), the ALJ did not even mention Plaintiff's well-documented anxiety disorder and failed to use the PRT to determine the severity of the unspecified "mental impairment" first mentioned vaguely at step four of the sequential evaluation. The ALJ erred in failing to perform the PRT to determine the severity of Plaintiff's anxiety disorder. *See also Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013) (Commissioner is required to determine at step two whether alleged mental impairment is severe or not severe). Based on the ALJ's failure to perform the PRT at step two of the sequential analysis, this Court reversed the Commissioner's unfavorable decision and remanded the case for further consideration. The tardy and vague reference to a "mental impairment" that is "not severe" leaves the court with nothing to indicate the ALJ fulfilled his responsibility to consider the combined effect of all impairments, severe or not. Moreover, the agency's regulations "do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis." *Wells* at 1065 (*citing* SSR 96-8p, 1996 WL 374184 at *4 (Jul. 2, 1996)).

Relying on *Armijo v. Astrue*, 385 Fed. App'x. 789 (10th Cir. Jun. 16, 2010), the Commissioner argued the ALJ's failure to employ the PRT at step two is harmless error. The facts in *Armijo* are distinguishable from those in the instant case. The ALJ in *Armijo* did not use the PRT to evaluate the claimant's depression. However, the ALJ did address the claimant's

depression, found the condition was controlled by medication and determined the condition did not impose more than a minimal effect on that claimant's ability to perform basic work activities. *Id.* at 790. In other words unlike the ALJ in this case, the ALJ in *Armijo* discussed the effects of the claimant's nonsevere mental impairment in the RFC and did not rely solely on the fact that the claimant's depression was not severe. Moreover, as the Tenth Circuit Court of Appeals observed, the claimant had not asserted depression as a basis for his disability claim until the administrative hearing. *Id.* at 792.

In view of the facts in this case and the ALJ's error of law, the undersigned concludes that the Commissioner's position that the ALJ's error was harmless is not "substantially justified." It is therefore recommended that Plaintiff's motion for attorney fees in the amount of $6,075.10 be granted. If this Report and Recommendation is adopted by the District Court, it is further recommended that the government be ordered to pay the aforementioned attorneys' fees to Plaintiff as the prevailing party. If Plaintiff's counsel should receive additional fees pursuant to 42 U.S.C. § 406(b), Counsel should be ordered to refund the smaller amount to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act be granted, as more thoroughly set forth above.

## NOTICE OF RIGHT TO OBJECT

The Commissioner is advised of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by March 24, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); LCvR 72.1. Failure to make

timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 9th day of March, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE