IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA WRIGHT,<br><br>      Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>      Defendant. | No. CIV-14-1046-W |

## ORDER

On October 7, 2015, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation in this matter and recommended that the decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), to deny the Applications for Disability Insurance Benefits and Supplemental Security Income filed by plaintiff Barbara Wright be reversed. Magistrate Judge Jones further recommended that this matter be remanded to the Commissioner for additional administrative proceedings. The parties were advised of their right to object; neither party objected within the allotted time.

Upon review of the record, the Court agreed with Magistrate Judge Jones' determination that reversal and remand were warranted because the administrative law judge had failed to use the Psychiatric Review Technique at step two of the five-step sequential evaluation process to rate the severity of Wright's medically determinable mental impairment of anxiety. Accordingly, the Court on October 29, 2015, adopted the Report and Recommendation [Doc. 25], reversed the Commissioner's decision to deny Wright's Applications for Disability Insurance Benefits and Supplemental Security Income

and remanded the matter to the Commissioner pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for further administrative action in accordance with the Court's Order and consistent with Magistrate Judge Jones' Report and Recommendation. See Doc. 26. Judgment was entered that same day. See Doc. 27.

The matter then came before the Court on Wright's Motion for Attorney's Fees filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Court referred the motion to Magistrate Judge Jones, see Doc. 32, and on March 9, 2016, he issued a Report and Recommendation wherein he recommended that Wright's motion be granted. The Commissioner was again advised of her right to object, see Doc. 33 at 4, and of the consequences of her failure to do so. See id. at 4-5.

Having received no objection within the designated time, the Court finds after review of the record, that the Commissioner's position under the circumstances of the case was not substantially justified. See Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007) (Commissioner's position must be justified to degree that could satisfy a reasonable person even though position may not be correct); 28 U.S.C. § 2412(d)(1)(B). Wright, as the prevailing party, is therefore entitled to an award of legal fees under the EAJA. The work counsel performed,[1] the time he expended and the resulting fees are reasonable under the circumstances, and the fees that Wright has requested are properly documented. See Doc. 28-1.

---

[1] Wright is entitled to compensation for time spent litigating her EAJA fee request, and the Court has allowed a reasonable fee for preparation and revision of her motion. See Doc. 28-1 at 2. Wright has contended in her reply that she is entitled to recover an additional one (1) hour, compensated at an hourly rate of $188.00, for work done in drafting and filing that reply. See Doc. 31 at 3. The Court DECLINES to award that additional amount since the reply is largely duplicative of earlier submissions and would not have assisted Magistrate Judge Jones.

2

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 33] issued on March 9, 2016;

(2) GRANTS Wright's Motion for Attorney's Fees [Doc. 28] filed on November 12, 2015;

(3) AWARDS Wright legal fees pursuant to the EAJA in the amount of $6,075.10 ((6.05 hours x $190.00) + (26.20 hours + $188.00));[2]

(4) ORDERS the Commissioner to pay that amount to Wright, subject to offset for debts owed to the federal government, if any, in accordance with the United States Supreme Court's decision in Astrue v. Ratliff, 560 U.S. 586 (2010); and

(5) if additional legal fees should be subsequently authorized under title 42, section 406(b) of the United States Code and awarded to Wright's counsel of record, ORDERS counsel, if having received the fees awarded herein, to refund the smaller award to Wright pursuant to, and as required by, the decision of the United States Court of Appeals for the Tenth Circuit in Weakley v. Bowen, 803 F.2d 575 (10th Cir. 1986)(to prevent double payment of fees for same work under both statutes, smaller amount given to client).

ENTERED this 28th day of March, 2016.

_____
LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[2] The legal work in this case was performed in 2014 and 2015. In the absence of any objection by the Commissioner, the Court finds that a reasonable hourly rate for legal work performed in Oklahoma in 2014 was $190.00 and that a reasonable hourly rate for legal work performed in this state in 2015 was $188.00. See Doc. 29-1.